IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 3:17-cr-00209-JO-4 |
| ) | |
| v. ) | |
| ) | |
| LUIS RAMIREZ-VALDERRAMA, ) | ORDER |
| ) | |
| ) | |
| Defendant. ) | |

JONES, J.

Defendant Luis Ramirez-Valderrama moves for compassionate release, contending that his medical conditions, the conditions at FCI Florence, where Defendant is housed, and his disproportionately severe sentence make him eligible for compassionate release. ECF No. 423. For the following reasons, the Court DENIES the motion.

## STANDARDS

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). However, Congress has expressly authorized a district court to modify a defendant's sentence in three limited circumstances, including granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Although the compassionate release statute previously permitted sentence reductions only

1  Order

upon motion of the Director of the Bureau of Prisons (BOP), Congress expanded the statute in the First Step Act of 2018. Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) (FSA). Now, a defendant may bring a motion for compassionate release, but only *after*: (1) petitioning the BOP to make such a motion on the defendant's behalf; *and* (2) either (a) exhausting administrative appeals after the BOP denied the defendant's petition or (b) thirty days after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).[1]

Pursuant to the FSA, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling" other than providing that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).

The pertinent policy statement by the Sentencing Commission for sentence reductions was last amended before the FSA passed and is found in Application Note 1 to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13. That policy statement explains the phrase "extraordinary and compelling reasons."[2] The policy statement also requires the court consider

---

[1] Defendant submitted a request for compassionate release to the warden at FCI Florence on October 18, 2020, and that request was denied on November 4, 2020. ECF No. 419-1 at 5.

[2] Note 1 of U.S.S.G § 1B1.13 states: **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) **Medical Condition of the Defendant.**—

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

2  Order

whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). However, four out-of-circuit federal appellate courts have held that § 1B1.13 does not apply to a motion filed by a defendant. *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) (because § 1B1.13 has not been updated since the FSA expanded compassionate release to permit defense-filed motions, the policy statement is "clearly outdated"); *United State v. McCoy*, 981 F.3d 271, 281-82 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). While the Ninth Circuit has not yet addressed this issue, most district courts, including this Court, find the policy statement "provides helpful guidance, [but] . . . does not constrain [a court's] independent assessment of whether 'extraordinary and compelling

---

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

reasons' warrant a sentence reduction under § 3852(c)(1)(A)(i)." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019); *see also, e.g., United States v. Dana*, 467 F. Supp. 3d 962, 965 (D. Or. 2020) (finding that U.S.S.G. § 1B1.13 as currently written "does not constrain the Court's ability to find extraordinary and compelling reasons").

While the COVID-19 global health crisis is an exceptional event, even so, compassionate release remains "rare" and "extraordinary," and courts routinely deny claims from inmates absent a showing of truly exceptional circumstances. *United States v. Hamman*, 3:16-cr-185-SI, 2020 WL 3047371, at *5 (D. Or. June 8, 2020); *United States v. Valdez,* 3:19-cr-323-IM-01, 2021 WL 325715, at *3 (D. Or. Feb. 1, 2021). A defendant "bears the burden to establish both that he has satisfied the procedural requirements for judicial review and that compelling and extraordinary reasons exist to justify compassionate release." *United States v. Holden*, 452 F.Supp.3d 964 (D. Or. 2020). "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 1:16-cr-130-DAD, 2020 WL 704785, at *2-3 (E.D. Cal. Feb 12, 2020); *United States v. Valdovinos*, 3:18-cr-497-SI-03, 2020 WL 7711363, at *2 (D. Or. Dec. 29, 2020).

## DISCUSSION

Defendant contends his underlying health conditions, including asthma, obesity, hypertension, and hyperlipidemia provide "extraordinary and compelling reasons" meriting compassionate release. The government acknowledges Defendant's health conditions and argues that not any of his conditions warrant compassionate release. Importantly, the government reports that Defendant tested positive for COVID-19 in November 2020, was asymptomatic, and has recovered. ECF No. 423 at 24. Following Defendant's positive COVID diagnosis, FCI

Florence tested Defendant's temperature and oxygen saturation levels daily for two weeks. *Id*. at 26-27.

Courts have repeatedly denied COVID-19-based motions for compassionate release filed by inmates who, like Defendant, have already contracted and recovered from the virus. *See, e.g.*, *United States v. Gipson*, 829 F. App'x 780, 781 (9th Cir. 2020) (affirming denial of compassionate release for a defendant with preexisting conditions who had already contracted COVID); *United States v. Shrout*, 3:15-cr-438-JO, 2020 WL 3483703, at*4 (D. Or. June 26, 2020) (denying compassionate release where defendant contracted COVID-19 and BOP properly managed the disease); *United States v. Alvarez*, 3:18-cr-158-SI-01, 2020 WL 3047372, at *4-5 (D. Or. June 8, 2020) (denying compassionate release where defendant, who suffered from Type 2 Diabetes, Hepatitis C, and severe obesity had contracted and recovered from COVID-19); *United States v. Stockman*, No. H-17-116-2, 2020 WL 5269756, at *3 (S.D. Tex. Aug. 26, 2020) (noting that when an inmate is infected and recovers from COVID-19, the courts have found the risks of infection or severe symptoms or effects because of underlying conditions diminish); *United States v. Baker*, No. CR 16-179, 2020 WL 4584195, at *4 (E.D. La. Aug. 10, 2020) ("Courts have denied COVID-19-based motions for compassionate release filed by inmates who have already contracted the virus."); *United States v. Neal*, No. CR 11-28, 2020 WL 4334792, at *1 (E.D. La. July 28, 2020) ("Courts have repeatedly found that defendants who contract COVID-19 and recover are not among those who fall within the guidelines or demonstrate 'extraordinary and compelling reasons,' meriting a reduction in their sentence."); *United States v. Gallegos*, No. 4:17-CR-568, 2020 WL 3403032, at *3 (S.D. Tex. June 19, 2020) ("Having already contracted and fully recovered from COVID-19, the Court cannot say that Defendant's asthma 'substantially diminishes [his] ability' . . . 'to provide self-care within the environment of

a correctional facility.'" (quoting U.S.S.G. § 1B1.13)). Here, Defendant has already contracted the virus, was asymptomatic, and has recovered. He received appropriate care from the prison medical staff. He has not demonstrated "extraordinary and compelling reasons" warranting compassionate release.

Defendant asserts that the conditions at FCI Florence are another factor to be considered. He contends he could get re-infected with COVID-19. However, the CDC reports that, while cases of reinfection occur, they are rare. *https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html* (Mar. 22, 2020). FCI Florence, when compared to other federal prisons, appears to have had trouble controlling the epidemic. The prison reports two inmate deaths and 751 inmates who have been infected and recovered from COVID-19 among a total inmate population of 956. *Id*. While these numbers are troubling, the prison provided the appropriate medical care to Defendant following his positive COVID-19 test. In addition, the BOP is starting to vaccinate the prison population. To date, 111 inmates at FCI Florence have received COVID-19 vaccines. (Mar. 22, 2021). Defendant has not shown the conditions at FCI Florence substantially "diminish[] [his] ability . . . to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13.

Finally, Defendant argues that he got a disproportionately severe sentence compared to his co-defendants due to the vagaries of the plea-bargaining system. "[I]n deciding motions for compassionate release, the Court should be wary of using the motion to 'correct' the sentencing court's original judgment or introduce unprincipled variance into the execution of duly-imposed sentences." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020), *United States v. Schaefer*, 3:17-cr-400-HZ, 2020 WL 6693237, at *4 (D. Or. Nov. 13, 2020). Thus, the Court declines to consider Defendant's arguments concerning the fairness of his sentence as it is

6  Order

beyond the scope of a compassionate release motion.

## CONCLUSION

The Court is sympathetic to Defendant's health concerns and his broader concerns with respect to the spread of COVID-19 in correctional facilities. Defendant has performed admirably while incarcerated, taking classes and participating in the RDAP program; nonetheless, the Court concludes that Defendant has not presented "compelling and extraordinary reasons" warranting compassionate release.

Defendant's Motion for Reduced Sentence (ECF No. 423) is DENIED.

IT IS SO ORDERED.

Dated the 23rd of March 2021.

                                           /s/ Robert E. Jones
                                           Robert E. Jones
                                           Senior United States District Judge